IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr296-MHT |
| | ) | (WO) |
| DEION LARRY JAMAR MANGUM | ) | |

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go into the jury room and begin your discussion--what we call your deliberation.

### I.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment. You must make your decision only on the basis of the testimony and the other evidence presented here during the trial; you must not be influenced in any way by public opinion or by sympathy

or prejudice, whether for the defendant or for the government.  Both the defendant and the government expect a fair trial at your hands, and they expect that you will carefully and impartially consider the evidence you have heard.

You must follow the law as I explain it to you, whether you agree with that law or not.  You must follow all of my instructions, as a whole.  You may not single out or disregard any of the court's instructions on the law.

The mere existence of an indictment against a defendant is not evidence of guilt.  Indeed, every defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence, or to produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

2

While the government's burden of proof is high, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any reasonable doubt about the defendant's guilt with regard to any particular charge.

A reasonable doubt is a real doubt, based upon reason and common sense, after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

A reasonable doubt can arise from evidence or from lack of evidence.  If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced of this, say so.

As I stated earlier, you must consider only the evidence that I have admitted in this case.  The term "evidence" includes the testimony of the witnesses and

3

the exhibits admitted in the record.   Remember that anything the lawyers say, including the opening and closing statements, is not evidence in this case.   It is your own recollection and interpretation of the evidence that controls.   What is said during the opening and closing statements is not binding upon you.

Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case, or that I favor any particular outcome. Except for my instructions to you about the law, you should disregard anything that I may have said during this trial in arriving at your own independent decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions that reason and common sense lead you to make.   You should not necessarily be concerned about whether this evidence is direct or circumstantial. Direct evidence is the testimony of an individual who asserts actual knowledge of a fact, such as an

**4**

eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances that, taken together, tend to prove or disprove any fact that is in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness's testimony, in whole or in part.  Also, the number of witnesses testifying as to any particular dispute is not necessarily controlling.  For example, you may decide that the testimony of a small number of witnesses concerning a particular fact in dispute is more believable than is the testimony of a larger number of witnesses who testified to the contrary.

In deciding whether you believe or disbelieve any witness, I suggest that you consider factors such as which side called the witness, the demeanor of the witness, and the manner in which the witness testified.

Did the witness give you an impression that the witness was someone who was telling the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to observe accurately the things that the witness testified about?

Did the witness appear to understand the questions clearly and to answer them directly?

Did the witness's testimony contradict or otherwise differ from another witness's testimony or from other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified

falsely concerning some important fact, or whether there was evidence that, at some other time, a witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it.  People naturally tend to forget some things or remember other things inaccurately.  So if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood.  The significance of that distinction may depend on whether the misstatement has to do with an important fact or only involves an unimportant detail.

If a witness is questioned about earlier statements or testimony the witness made, the questioning is

permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You should not give extra credence to a person's testimony just because of the person's status as a law-enforcement officer. You must consider that person as you would any other witness. Feelings of support for law-enforcement officers, right or wrong, have no place under our system of justice. Under the laws of the United States, all witnesses, including law-enforcement officers, are considered in the same manner.

At the same time, it is quite legitimate for the defense counsel to try to attack the credibility of a

law-enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of each law-enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

A defendant has a right not to testify. The law does not require the defendant to prove his innocence--or to produce any evidence at all--and no inference whatsoever may be drawn from the election of the defendant not to testify.

## II.

The defendant in this case is Deion Larry Jamar Mangum. At this time, I will explain the indictment, which charges the defendant with one crime, called a "count." The count is headed by the number 1. You'll be given a copy of the indictment to refer to during your deliberations.

The indictment charges that the defendant, knowing he was previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, namely a "Zastava PAP M92 PV 7.62mm pistol and ammunition," and the firearm and ammunition were in and affecting interstate and foreign commerce.

I will now explain the law associated with the offense.

<u>Count 1</u>

<u>Possession of a Firearm and Ammunition by a Convicted Felon</u>

The count charges that the defendant possessed a firearm and ammunition as a convicted felon.  Title 18 of the United States Code, Section 922(g)(1) makes it a federal crime for anyone who has been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate or foreign commerce.  The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

10

(1) the defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

(2) before possessing the firearm or ammunition, the defendant had been convicted of a felony, which is a crime punishable by imprisonment for more than one year; and

(3) at the time the defendant possessed the firearm or ammunition, the defendant knew he had previously been convicted of a felony.

The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed to for use in any firearm.

The term "interstate or foreign commerce" includes the movement of a firearm or ammunition from one state to another or between the United States and any foreign

country.  It is not necessary for the government to prove that the defendant knew the firearm or ammunition had moved from one state to another, only that the firearm or ammunition did, in fact, move from one state to another.

### III.

You'll see that Count 1 of the indictment charges that a crime was committed "on or about" a certain date. The government doesn't have to prove that the crime occurred on an exact date. The government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The law recognizes several kinds of possession.  A person may have actual possession, constructive possession, sole possession, or joint possession.

Actual possession of a thing occurs if a person knowingly has direct control of it.

Constructive possession of a thing occurs if a person does not have actual possession of it, but has both the power and the intention to take control over it later. Sole possession of a thing occurs if a person is the only one to possess it.

Joint possession of a thing occurs if two or more people share possession of it.  The term "possession" includes actual, constructive, sole, and joint possession.

In addition to any more specific instructions given above for a particular charge, the word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident. As a point of comparison, the word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.

I caution that you are not to decide this case based on explicit or implicit biases.

13

Everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases," that we may not be aware of. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions.

Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases.

The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions.

Reach your verdict without discrimination and without consideration of the race, color, religious beliefs, national origin, or sex of the defendant, any witness, or any attorney. You are not to return a verdict

for or against the defendant unless you would return the same verdict without regard to his race, color, religious beliefs, national origin, or sex.

Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.


IV.

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date it, and sign it, at which point you will return to the courtroom.

I caution you that the defendant is on trial only for the specific crimes charged in the indictment. You

are here to determine from the evidence in this case whether the defendant is guilty or not guilty of this specific crime.

You must never consider punishment in any way to decide whether the defendant is guilty.  If you find a defendant guilty of a particular crime, the punishment is for me alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict, you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. You must discuss the case with one another and try to reach an agreement.  While you are discussing the case, do not hesitate to reexamine your own opinions and change your mind if you become convinced that you

were wrong.  At the same time, do not give up your honest beliefs just because others think differently or because you or others simply want to get the case over with.

If you should desire to communicate with me at any time, please write down your message or question and pass your note to the security officer, who will bring it to my attention.   I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time (that is, don't tell me how many of you are planning to vote one way versus another).

**17**